### HINES, Director General of Railroads, v. MEIER.

(Circuit Court of Appeals, Eighth Circuit. May 4, 1921.)

No. 5502.

Master and servant ☞361—Director General of Railroads subject to state Workmen's Compensation Law; "employer."

Under South Dakota Workmen's Compensation Law, providing that all employers and employees, not engaged in interstate or foreign commerce, shall be bound by its provisions unless they affirmatively exempt themselves therefrom; that "employers" shall include the state, its municipal

corporations, and other political subdivisions, and that all employers, except the state and such subdivisions, shall procure insurance, furnish acceptable proof of solvency or make a guaranty deposit, the Director General of Railroads, who by presidential order was made subject to "all statutes and orders of regulating commissions of the various states," in operating lines in South Dakota and with respect to employees injured or killed in his service and not employed in interstate commerce, *held* subject to the provisions of such statute, being, as the representative of the federal government, like the state and its subdivisions, exempt from the requirement to procure insurance, give proof of solvency or make a deposit.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Employer.]

In Error to the District Court of the United States for the District of South Dakota; James D. Elliott, Judge.

Action at law by Cecilia Meier against Walker D. Hines, Director General of Railroads. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Ed. L. Grantham, of Aberdeen, S. D. (C. O. Newcomb, of Aberdeen, S. D., on the brief), for plaintiff in error.

Harry A. Brenner, of Mobridge, S. D., for defendant in error.

Before HOOK and CARLAND, Circuit Judges, and TRIEBER, District Judge.

HOOK, Circuit Judge. This was an action by Cecilia Meier, administratrix, against the Director General of Railroads, operating the Chicago, Milwaukee & St. Paul Railroad, to recover for the negligent killing of Ludwig Meier. The deceased was in the service of the Director General as a blacksmith's helper at Mobridge, S. D. He was run over and killed by a train January 3, 1918, while crossing the tracks of the railroad yards at that place in going from his home to the blacksmith shop where his duties were performed. There was a verdict and judgment for the plaintiff, and the Director General prosecuted this writ of error.

The "South Dakota Workmen's Compensation Law," approved March 10, 1917 (Laws 1917, c. 376), has an important bearing on the case. It provided (section 2) that every employer and also every employee (not engaged in interstate or foreign commerce, section 17,) should be presumed to have accepted its provisions for the payment and acceptance of compensation for personal injury or death by accident in the course of employment. They were bound by the provisions of the act unless they affirmatively exempted themselves from it. Every employer subject to the act was required (section 4) to insure the payment of compensation to his employees in the manner provided (section 46), in some corporation, association, or organization approved by the state department of insurance. A refusal or neglect of the employer to obtain the insurance or to do what was equivalent as hereafter mentioned made him liable in case of injury to the workmen in his employ "under part one (1) of this act"—part 1 being sections 1 to 19 inclusive. The employer was authorized (section 54) to omit

the insurance upon furnishing proofs satisfactory to the Insurance Department and the State Industrial Commissioner of his solvency and financial ability to pay the compensation and benefits provided, or by depositing satisfactory security in lieu thereof. The term "employer" included (section 55) the state, its municipal corporations and other political subdivisions; but those public bodies were not (section 16) subject to sections 3, 9, and 10. Every employer who elected not to operate under the act was deprived (section 9) of certain common-law defenses, including that of contributory negligence, in any suit by an employee who had accepted the act. The rights and remedies granted an employee subject to the act on account of personal injury or death by accident in the course of employment were (section 5) exclusive of all other rights and remedies of such employee, his personal representatives, etc. A graduated schedule of compensation was prescribed (section 20 et seq.); and the compensation provided and the provisions of the act constituted (section 27) the measure of the employer's responsibility for injuries or death of employees subject to the act. The administration of the act was committed (section 27 et seq.) to the State Industrial Commissioner, and extensive powers were conferred upon him. The judgment recovered by the plaintiff largely exceeded the maximum compensation authorized by the act.

According to the proclamation of the President of December 27, 1917, taking over the operation of the railroads, the Director General was subject to "all statutes and orders of regulating commissions of the various states" until and except as otherwise ordered by him. The purposes of the South Dakota Act were of a humanitarian character; they were beneficial to both employers and employees. They were not inconsistent with the powers and duties of the Director General in the conduct of the railroad business on government account, and not having exempted himself from the operation of the act he should be assumed to have accepted it in a general sense, so far as its terms were applicable. The deceased did not exempt himself and was also subject to its terms. As the accident occurred during government control, the fact that plaintiff's action was first brought against the railway company and afterwards continued as to the Director General is unimportant. As a blacksmith's helper the deceased was not engaged in interstate commerce, a character of service that was excepted from the act in question. See New York Central R. Co. v. White, 243 U. S. 188, 37 Sup. Ct. 247, 61 L. Ed. 667, L. R. A. 1917D, 1, Ann. Cas. 1917D, 629. The question whether the accident occurred in the course of the employment of the deceased was submitted to the jury and we accept their finding that it did. The trial court charged the jury that the circumstances of the accident showed as matter of law the deceased was guilty of contributory negligence. But as the Director General had not procured the liability insurance (section 4 and section 46), and had not in lieu thereof furnished proof of solvency and financial ability or given security (section 54) he was denied that defense.

The above brings us to the real question in the case. Was the Director General required to insure his liability, or, in lieu thereof, to furnish proof of solvency and financial ability or deposit security? As new conditions arise, and it becomes necessary to allot them a place in existing general legislation, they should be put with those most nearly of their kind. If the state statute did not operate upon an agency of the federal government, it was manifestly erroneous to hold it in default and deny it the defense of contributory negligence. On the other hand, if it did apply, and we think it did, the Director General, as the representative of the federal government should have been regarded in the same light as the state itself. When the state statute was enacted, government control and the position of Director General were not in existence; but when they came into being they were in their relations to their employees who were not engaged in interstate commerce within the spirit of its general intent. As a federal agency for the performance of important functions the Director General was not on a lower plane than the state and its subordinate political subdivisions. We think he was not required to insure his liability or to make proof of solvency and financial ability or deposit security to obtain the benefits of the state statute.

The judgment is reversed, and the cause is remanded for further proceedings in conformity with this opinion.